UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKY L. RUST, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 1:13-cv-419-JMS-TAB |
| ) | |
| MARK LEVENHAGEN, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Ricky L. Rust for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice**. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for a Writ of Habeas Corpus**

**I.**

Rust was convicted in 2009 in an Indiana state court of battery, criminal recklessness and criminal confinement. Rust now seeks a writ of habeas corpus, contending that his convictions are constitutionally infirm. The habeas petition is before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts*. Rule 4 provides that if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

## II.

### A.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such provision provides that

> a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). . . . "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day [v. McDonough,* 547 U.S. 198, 201 (2006)] (quoting 28 U.S.C. § 2244(d)(2)).

*Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012)(footnote omitted). The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). A conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987).

### B.

Rust's direct appeal was decided on May 26, 2010. *Rust v. State*, 927 N.E.2d 430 (Ind.App. 2010). His request for transfer to the Indiana Supreme Court was denied on September 16, 2010. The time within which he could have filed a petition for a writ of certiorari expired 90 days later, on December 18, 2010. That was the date his conviction was "final" for federal habeas corpus purposes. He therefore had through December 18, 2011, in which to file his

federal habeas petition. See *Fernandez v. Sternes,* 227 F.3d 977, 978 (7th Cir. 2000).[1]

The habeas petition, however, was not filed with the clerk until December 26, 2012. The habeas petition arrived in an envelope postmarked December 20, 2012. Because the habeas petition itself is not dated, it can be considered as have been filed on December 20, 2012. Even so, however, it was filed just over one (1) year after the statute of limitations expired.

### C.

District courts are permitted to consider, *sua sponte,* the timeliness of a prisoner's habeas petition, but must afford the parties notice and an opportunity to be heard before acting on their own initiative to dismiss a petition as untimely. *See Day v. McDonough,* 547 U.S. 198 (2006); *U.S. v. Bendolph,* 409 F.3d 155 (3d Cir. 2005). Rust was afforded that opportunity and responded in his filing of May 20, 2013.

### D.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

"There are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon v. Mahanoy,* 654 F.3d 385, 399 (3d Cir. 2011). In *Holland,* the Supreme Court emphasized that in considering whether there could be equitable tolling, courts should favor flexibility over adherence to mechanical rules. 130 S. Ct. at 2563. In this regard, "the particular

---

[1] A prior habeas action was filed on September 7, 2010, docketed as No. 1:10-cv-1128-TWP-DML, but exactly one month later was dismissed without prejudice as premature and has no bearing on the present case.

circumstances of each petitioner must be taken into account," *Pabon,* 654 F.3d at 399, and each decision made on a "case-by-case basis." *Holland,* 130 S. Ct. at 2563 (quoting *Baggett v. Bullitt,* 377 U.S. 360, 375 (1964)).

Rust invokes the doctrine of equitable tolling without specifically using that term. He does so based on generalized statement that for a substantial period of time he has not been able to physically access the prison law library in a meaningful fashion. This is not sufficient, however, because difficulty obtaining legal materials does not constitute an extraordinary circumstance which justifies the application of equitable tolling. *See Jones v. Hulick,* 449 F.3d 784, 789 (7th Cir. 2006) (petitioner's placement in segregation, during which time he had no access to the law library; limited law library access at other times; and delays in receiving mail were insufficient to justify equitable tolling).

### III.

Rust has encountered the hurdle produced by the 1-year statute of limitations after the effective date of the AEDPA. He has not shown the existence of circumstances permitting him to overcome this hurdle. His petition for a writ of habeas corpus [Dkt. 1] shows on its face that he is not entitled to the relief he seeks. The petition is therefore **denied**.

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Rust has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: _____06/10/2013_____

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Ricky L. Rust
910027
Westville Correctional Center
Inmate Mail/Parcels
5501 South 1100 West
Westville, IN 46391